# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

ANTONIO CHRISTIEN (#518139)                                        CIVIL ACTION

VERSUS

MAJ. JOHNSON, ET AL.                                        NO. 14-0287-JJB-EWD

## RULING

Before the Court is Defendants' Motion for Sanctions (R. Doc. 27).   This motion is not opposed.

On April 23, 2015 Defendants served Plaintiff with Interrogatories and Requests for the Production of Documents (R. Docs. 19 and 20).   On May 11, 2015 Plaintiff filed a memorandum objecting to Defendants' discovery (R. Doc. 21).   Plaintiff's objection was rejected by the Court on May 12, 2015 (R. Doc. 22), and the Court instructed Plaintiff that he was required to respond to Defendants' discovery as provided in Rules 33 and 34 of the Federal Rules of Civil Procedure. Notwithstanding, Plaintiff failed to respond either within the 30-day period allowed by the Federal Rules or within a 30-day informal extension allowed by Defendants pursuant to correspondence dated June 8, 2015.   *See* R. Doc. 23-2.   Accordingly, Defendants next filed a Motion to Compel on July 9, 2015 (R. Doc. 23) in a further attempt to obtain responses to the referenced discovery requests.   On November 16, 2015 the Court granted Defendants' Motion to Compel.   *See* R. Doc. 26.   The Court's Order specifically advised Plaintiff that he had 14 days to both provide responses to Defendants' discovery and file a copy of his responses into the record of this proceeding and that "[f]ailure to comply with this Order may result in the imposition of appropriate sanctions as provided in Rule 37(b)(2)A), Fed. R. Civ. P."

Defendants are now before the Court seeking the imposition of appropriate sanctions. Defendants assert that Plaintiff has failed to respond to the referenced discovery.   Defendants further certify that they have again forwarded correspondence to Plaintiff on December 3, 2015, *after* the deadline imposed by the Court, and informally "grant[ed] an additional fourteen (14) days in which to provide responses."   *See* R. Doc. 27-2.   Notwithstanding, Plaintiff has continued in his failure to respond to Defendants' discovery requests.

Rule 37(b)(2) "authorizes the district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order."   *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003).   Two criteria must be met before a district court may dismiss a party's lawsuit under this Rule.   First, dismissal is appropriate only if the refusal to comply results from willfulness.   *Id.*   Second, this drastic measure is only to be employed when a lesser sanction would not substantially achieve the desired deterrent effect.   *Id.* A Court may also consider whether the discovery violation has prejudiced the opposing party's preparation for trial.   *Id.*

Considering the history of this case, the Court finds that Plaintiff's failure to cooperate in discovery clearly justifies the imposition of sanctions.   Plaintiff has repeatedly been ordered to provide responses to Defendants' discovery requests, and he has repeatedly failed to do so within the time allowed.   Thus, his failure clearly appears to be willful and, inasmuch as he is proceeding *pro se*, his failure is clearly attributable to his own misconduct and not that of an attorney or legal representative.   Defendants are unquestionably hindered in their ability to prepare a defense or prepare for trial because of Plaintiff's continued failure to cooperate in discovery.   Further, inasmuch as Plaintiff is incarcerated and is proceeding as a pauper in this case, it is unlikely that a

monetary sanction would have any effect upon his willingness to comply.   Notwithstanding,

inasmuch as the Court, in its prior orders, did not specifically advise Plaintiff that it would consider

imposing the sanction of dismissal if Plaintiff continued to fail to provide discovery responses, the

Court will afford Plaintiff one last opportunity to do so.   Accordingly,

**IT IS ORDERED** that Defendants' Motion for Sanctions (R. Doc. 27) is hereby **DENIED**,

without prejudice to re-filing.

**IT IS FURTHER ORDERED** that, within fourteen (14) days of the date of this Order,

Plaintiff shall respond fully and in writing to each of Defendants' Interrogatories and Requests for

Production of Documents (R. Docs. 19 and 20) and shall file a copy of his responses into the record

of this proceeding.   Plaintiff is advised that a failure to comply with this Order within the time

allowed shall result in the imposition of the sanction of dismissal as provided in Rule 37(b)(2)(A),

Fed. R. Civ. P.

Signed in Baton Rouge, Louisiana, on April 21, 2016.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**