UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTONIO CHRISTIEN (#518139)          CIVIL ACTION

VERSUS

MAJ. JOHNSON, ET AL.          NO. 14-0287-JJB-EWD

## RULING

Pursuant to Ruling dated April 21, 2016 (R. Doc. 29), the Court denied Defendants' unopposed Motion for Sanctions, without prejudice (R. Doc. 27), and directed Plaintiff, within fourteen (14) days of the date of the Order, to respond fully and in writing to each of Defendants' Interrogatories and Requests for Production of Documents (R. Docs. 19 and 20) and to file a copy of his responses into the record of this proceeding. Plaintiff was advised that a failure to comply with the Court's Order within the time allowed "shall result in the imposition of the sanction of dismissal as provided in Rule 37(b)(2)(A), Fed. R. Civ. P."

A review of the record reflects that Plaintiff has failed to comply with the Court's Order.

Rule 37(b)(2) "authorizes the district court to strike pleadings or render a default judgment against a party as a sanction for failure to comply with a discovery order." *United States v. $49,000 Currency*, 330 F.3d 371, 376 (5th Cir. 2003). Two criteria must be met before a district court may dismiss a party's lawsuit under this Rule. First, dismissal is appropriate if the refusal to comply results from willfulness. *Id.* Second, the drastic remedy of dismissal is employed when a lesser sanction would not substantially achieve the desired deterrent effect. *Id.* A Court

may also consider whether the discovery violation has prejudiced the opposing party's preparation for trial. *Id.*

As outlined in the Court's Ruling of Ruling of April 21, 2016 (R. Doc. 29), the Court has determined that Plaintiff has repeatedly failed to cooperate in discovery and that such failure clearly justifies the imposition of sanctions.[1] Further, the Court has determined that Plaintiff's continued and repeated failure is willful and that Defendants have been hindered in their ability to prepare a defense or prepare for trial as a result thereof. Finally, the Court has determined that inasmuch as Plaintiff is incarcerated and is proceeding as a pauper in this case, a monetary sanction is not likely to achieve a deterrent effect. Accordingly, the Court provided Plaintiff with a final opportunity to provide responses to Defendants' discovery and specifically advised Plaintiff that a failure to do so would result in the imposition of the sanction of dismissal. Notwithstanding, Plaintiff has continued in his failure to comply with the Court's directives. Accordingly,

**IT IS ORDERED** that the above-captioned proceeding be dismissed, with prejudice, as a sanction for failure to comply with discovery.

---

[1] On April 23, 2015 Defendants served Plaintiff with Interrogatories and Requests for the Production of Documents (R. Docs. 19 and 20). On May 11, 2015 Plaintiff filed a memorandum objecting to Defendants' discovery (R. Doc. 21). Plaintiff's objection was rejected by the Court on May 12, 2015 (R. Doc. 22), and the Court instructed Plaintiff that he was required to respond to Defendants' discovery as provided in Rules 33 and 34 of the Federal Rules of Civil Procedure. Notwithstanding, Plaintiff failed to respond either within the 30-day period allowed by the Federal Rules or within a 30-day informal extension allowed by Defendants pursuant to correspondence dated June 8, 2015. *See* R. Doc. 23-2. Accordingly, Defendants next filed a Motion to Compel on July 9, 2015 (R. Doc. 23) in a further attempt to obtain responses to the referenced discovery requests. On November 16, 2015 the Court granted Defendants' Motion to Compel. *See* R. Doc. 26. The Court's Order specifically advised Plaintiff that he had 14 days to both provide responses to Defendants' discovery and file a copy of his responses into the record of this proceeding and that "a [f]ailure to comply with this Order may result in the imposition of appropriate sanctions as provided in Rule 37(b)(2)A), Fed. R. Civ. P." *Id.* Notwithstanding, Plaintiff has continued in his failure to respond to Defendants' discovery requests.

Judgment shall be entered accordingly.

Baton Rouge, Louisiana, this ___15th___ day of June, 2016.

_____
JAMES J. BRADY
UNITED STATES DISTRICT JUDGE